IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re:                                              : Chapter 11
:
RESTORA HEALTHCARE HOLDINGS, LLC,                   : Case No. 14-10367 (_____)
:
       Debtor.                                      :
:
Employer's Tax Identification No.:                  :
45-5362837                                          :
------------------------------------------------------------x
:
In re:                                              : Chapter 11
:
RESTORA HOSPITAL OF MESA, LLC,                      : Case No. 14-10368 (_____)
:
       Debtor.                                      :
:
Employer's Tax Identification No.:                  :
80-0808773                                          :
:
------------------------------------------------------------x
:
In re:                                              :
:
RESTORA HOSPITAL OF SUN CITY, LLC,                  : Chapter 11
:
       Debtor.                                      : Case No. 14-10369 (_____)
:
Employer's Tax Identification No.:                  :
37-1691028                                          :
------------------------------------------------------------x

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (ii) granting certain related relief (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtors, their estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

3. The Debtors operate two long-term acute care (LTAC) hospitals that provide high intensity acute level care to patients requiring longer hospitalizations. The two hospitals are 120-bed, licensed, freestanding hospitals located in the Greater Phoenix area. The Debtor hospitals are Medicare/Medicaid certified, and offer a continuum of services including specialty acute care and sub-acute care provided in an on-site transitional care unit (TCU).

4. The Debtors provide a wide variety of programs and services, including a pulmonary/ventilator program, wound care, low toleration rehabilitation services, and post-surgical care. The Debtors treat patients who require multiple concurrent care modalities such as

ventilator case, intravenous therapy, nutritional support, tube feedings, antibiotic management, dialysis, and complex wound/skin care management.

5. Patients of the Debtors' hospitals typically are critically ill and/or have multi-system failures that require extended acute care treatment after discharge from a traditional acute care hospital. Patients often come to the hospitals directly from an intensive care unit. Upon admission, each patient is evaluated by an interdisciplinary team of professionals to develop an appropriate plan of action depending on the patient's particular needs, and the length of stay of patients will vary depending on the diagnosis, patient age, and acuity level.

6. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of George D. Pillari in Support of Chapter 11 Petitions and First Day Motions* (the "Pillari Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**RELIEF REQUESTED**

7. The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Restora Healthcare Holdings, LLC, *et al.*"

8. The Debtors further request that a docket entry be made on the docket in the chapter 11 cases of Restora Hospital of Sun City, LLC and Restora Hospital of Mesa, LLC substantially stating as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 Cases of Restora Healthcare Holdings, LLC, Restora Hospital of Sun City, LLC and Restora Restora Hospital of Mesa, LLC. All further pleadings and other

papers in this Chapter 11 Case shall be filed in, and all further docket entries shall be made in, Case No. 14-10367 (___) (Restora Healthcare Holdings, LLC, *et al*.).

9.  A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order attached to this Motion as Exhibit A. The Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

## BASIS FOR RELIEF

10.  Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Restora Healthcare Holdings, LLC is a limited liability company that is the direct owner of 100% of the membership interests in each of Restora Hospital of Sun City, LLC and Restora Hospital of Mesa, LLC. Thus, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, and the Court is authorized to grant the relief requested in this Motion. Further, as the proposed order attached to this Motion is an order relating to the routine administration of a case, it may be entered by the Court in its sole discretion on an *ex parte* basis. See Local Rule 1015-1.

11.  The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices,

motions and applications, thereby saving time and expense. Joint administration will also enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

12. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

13. Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases, and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

## NOTICE

14. Notice of this Motion shall be provided to (a) the Office of the United States Trustee for the District of Delaware, (b) each of the Debtors' twenty largest unsecured creditors on a consolidated basis, (c) counsel to Healthcare Finance Group, LLC, the Debtors' secured lender, (d) the United States Attorney's Office for the District of Delaware, and (e) the Internal Revenue Service. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). In light of the

nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## **NO PRIOR REQUEST**

15. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: February 24, 2014
Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/  *Stuart M. Brown*
Stuart M. Brown (DE 4050)
Daniel N. Brogan (DE 5723)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email:    Stuart.Brown@dlapiper.com
              Daniel.Brogan@dlapiper.com

-and-

Thomas R. Califano (*pro hac vice* admission pending)
Daniel G. Egan (*pro hac vice* admission pending)
1251 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
Email:  Thomas.Califano@dlapiper.com
              Daniel.Egan@dlapiper.com

*Proposed Attorneys for the Debtors and Debtors in Possession*