## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------x
                                            :
In re:                                      :  Chapter 11
                                            :
RESTORA HEALTHCARE HOLDINGS, LLC,           :  Case No. 14-10367 (PJW)
et al.,¹                                     :
                                            :  (Jointly Administered)
              Debtors.                      :
                                            :
--------------------------------------------------------------x
```

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Restora Healthcare Holdings, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements, and together with the Schedules the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Delaware (collectively, the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to

---

¹ The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Restora Healthcare Holdings, LLC (2837); Restora Hospital of Mesa, LLC (8773); and Restora Hospital of Sun City, LLC (1028). The mailing address for the Debtors, solely for purposes of notices and communications, is 2550 Northwinds Parkway, Suite 160, Alpharetta, Georgia 30009.

further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

Mr. George W. Dunaway, the Debtors' CFO, has signed each of the Schedules and Statements. Mr. Dunaway is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Dunaway necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Dunaway has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements

as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.  **Description of Cases and "As Of" Information Date**.  On February 24, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 26, 2014, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 40].  On March 6, 2014 the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 103].

The asset information provided herein represents the asset data of the Debtors as of February 24, 2014 and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of February 24, 2014.

3.  **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 24, 204.  Additionally, because the book values of assets, including those such as patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, values for assets that have been fully depreciated or were expensed for accounting purposes may not appear in these Schedules and Statements as they have no net book value.

4.  **Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation,

EAST\74070641.1

whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries and employee benefit accruals. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist or are anticipated to or may accrue at some time in the future. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding pre-Petition Date Claims post-petition. Prepetition liabilities that have been or may be paid post-petition under existing authorizations or any authorization that may be approved by the Bankruptcy Court after the date hereof may have been excluded from the Schedules and Statements.

7. **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) affiliates; and (e) relatives of the Debtors' directors, officers or persons in control of the Debtors. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code or otherwise under applicable law. Moreover, the Debtors do not take any position with respect to: (a) any insider's or Person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**. Exclusion or omission of certain intellectual property shall not be construed as an admission that such intellectual property rights do not exist, have been

EAST\74070641.1

abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Furthermore, the Debtors have made diligent efforts to discern whether any Debtor owns intellectual property outright or whether all or a portion of any intellectual property is licensed from a third party. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.  **Executory Contracts**. Although the Debtors made diligent attempts to identify contracts and leases as executory and unexpired within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G.

10. **Classifications**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract or lease or to setoff of such Claims.

11. **Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that liability for and amount of such Claim is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability, amount or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors. Finally, listing a Claim that has been or may be paid post-Petition Date does not negate the effect of the payment of such Claim, or entitle the holder of any such Claim to double payment on account of such Claim.

12. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy,

5

right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action, nor may the Schedules and Statements be used in any litigation in these or related to these chapter 11 cases.

13. **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

    a.    <u>Undetermined Amounts</u>.  The description of an amount or value as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount or value.

    b.    <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Paid Claims</u>.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities may have been reduced or satisfied by post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

    d.    <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

EAST\74070641.1

15. **Intercompany**.    Intercompany transfers between Debtors or Non-Debtor affiliates are captured on Statement question 3c.

16. **Setoffs**.    The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, rebates, warranties, debit memos, contract allowances, credits, and other disputes between the Debtors and their suppliers or customers.   These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.   Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.    Employee addresses have been removed from entries listed on Schedules E, F and G and the Statements, where applicable.

18. **Global Notes Control**.    In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedules B1 and B2**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of the Debtors for Entry of an Order (I) Approving the Continued Use of the Debtors' Cash Management System, Existing Bank Accounts and Business Forms, and (II) Extending The Deadline to Comply with the Deposit and Investment Requirements of Section 345 of the Bankruptcy Code*, filed on February 25, 2014 [Docket No. 6] (the "**Cash Management Motion**").

**Schedule B3**.  The Bankruptcy Court, pursuant to the *Final Order Granting Motion Of Debtors For Entry Of Interim And Final Orders (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services To, Or Discriminating Against, The Debtors On Account Of Prepetition Invoices, (II) Determining That The Utilities Are Adequately Assured Of Future Payments, And (III) Establishing Procedures For Determining Adequate Assurance Of Payment*, entered on March 19, 2014  [Docket No. 154], has authorized the Debtors to provide adequate assurance of payment for future utility services, including a deposit in the amount of $26,500.  Such deposits are not listed on Schedule B3, which was prepared as of the Petition Date.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion of the Debtors for Entry of an Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Insurance Policies and Pay All Obligations Arising Thereunder, (B) Maintain Financing of Insurance Premiums and Pay All Obligations in Connection Therewith, and (C) Renew, Revise, Extend, Supplement, Change, or Enter into New Insurance Policies and (II) Granting Certain Related Relief*, filed on February 25, 2014 [Docket No. 8].

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules B13 and B14 in an undetermined amount on account of the fact

that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value.

**Schedule B16.**  Net A/R represents applicable receivables net of contractual allowances and bad debt.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims or cross-claims as a plaintiff or counter claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary-and not an admission-of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  The secured debt is jointly and severally the responsibility of all Debtors, as such the full amount of the liability has been listed on each Debtor's Schedules and Statements.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

8

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, other than HHS and CMS, or inchoate statutory lien rights. Although there may be multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on March 19, 2014, the Bankruptcy Court entered the *Final Order Granting Motion Of Debtors And Debtors In Possession For Entry Of Interim And Final Orders (I) Authorizing Them To Pay Certain Employee Obligations And Maintain And Continue Employee Benefits And Programs, (II) Authorizing Banks To Honor And Process Checks And Transfers Related To Such Obligations, And (III) Scheduling A Final Hearing On The Motion* [Docket No. 151], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits. To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court orders, they may not be included on Schedule E.

**Schedule F**. The Debtors have used best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F. Furthermore, claims listed on Schedule F have been aggregated by creditor and may include several dates of incurrence for the aggregate balance listed.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. In order to protect parties' HIPAA rights and to avoid any potential inadvertent disclosure, in matters where there is an actual or potential risk of disclosure of information in a manner that would violate applicable HIPAA laws, the Debtors have not included such information in their Statements and Schedules and indicate, in such instances, that such information, to the extent available, is on file with the Debtors.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G notwithstanding that any such agreement may be executory. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory

10

EAST\74070641.1

contract or unexpired lease listed therein shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute, including the defense of the statute of frauds. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend Schedule H to the extent or in the event that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there may be multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are

11

contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The Debtors report gross income back to June 29, 2012 the start of their corporate existence. Gross receipts reflect net revenue net of contractual allowances.

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders (which payments appear in response to Statement question 3c), employees, and bankruptcy professionals. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transfers, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "Intercompany Claims") which Intercompany Claims, from time to time, result in cash transfers between applicable entities. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement and/or severance.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have attempted to identify all such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein. In order to protect parties' HIPAA rights and to avoid any potential inadvertent disclosure, in matters where there is an actual or potential risk of disclosure of information in a manner that would violate applicable HIPAA laws, the Debtors have not included such information in their Statements and Schedules and indicate, in such instances, that such information, to the extent available, is on file with the Debtors.

**Statement 9**. Payments listed in Restora Healthcare Holdings, LLC's response were made on behalf of each of the 3 filing Debtors.

**Statement 19a-c.** The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or that have supervised the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may

have had access to the Debtors' books and record including individuals listed in response to Statement questions 21 and 22.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 20**.  The Debtors utilize par methodologies to value their inventory.  Par inventories are taken at the facility every six months in June and December.  Inventory consists of supplies held in the central supply room and pharmacy as well as supplies maintained in patient rooms and nursing stations.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

EAST\74070641.1

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

District Of Delaware

In re:  Restora Healthcare Holdings, LLC          ,          Case No.  14-10367 (PJW)
                        Debtor                                                   (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

1.    **Income from employment or operation of business**

None
☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                        SOURCE

In re:   Restora Healthcare Holdings, LLC                     Case No.     14-10367 (PJW)

2

---

**2.   Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
|        |        |

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|---------------------|
|                              |                   |             |                     |

None ☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------------------------------|------------------------------|-----------------------------------|---------------------|
|                              |                              |                                   |                     |

See Attached Rider

---

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:   Restora Healthcare Holdings, LLC                    Case No.    14-10367 (PJW)

---

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See Attached Rider

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See Attached Rider

---

None ☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.    Repossessions, foreclosures and returns**

None ☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

None ☒    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

4

In re:   Restora Healthcare Holdings, LLC                    Case No.    14-10367 (PJW)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☒    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None
☒    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.    Losses**

None
☒    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.    Payments related to debt counseling or bankruptcy**

5

In re:   Restora Healthcare Holdings, LLC                    Case No.    14-10367 (PJW)

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See Attached Rider | | |

**10.  Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| | | |

**11.  Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| | | |

6

In re:   Restora Healthcare Holdings, LLC                    Case No.    14-10367 (PJW)

---

**12.   Safe deposit boxes**

None
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.   Setoffs**

None
[ ]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

See Global Notes regarding Debtors' setoffs.

---

**14.   Property held for another person**

None
[X]

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.   Prior address of debtor**

None
[ ]

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 6120 WINDWARD PARKWAY, SUITE 165 ALPHARETTA, GA   30005 | Restora Healthcare Holdings, LLC | |

7

In re:   Restora Healthcare Holdings, LLC                     Case No.    14-10367 (PJW)

**16.   Spouses and Former Spouses**

None


If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.   Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None


a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None


b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None


c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

8

In re:   Restora Healthcare Holdings, LLC                    Case No.   14-10367 (PJW)

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18.   Nature, location and name of business

None ☒   a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

In re:   Restora Healthcare Holdings, LLC                Case No.    14-10367 (PJW)

---

**19.  Books, records and financial statements**

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| DUNAWAY, GEORGE<br>2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 | 6/29/2012 - Present |

None ☐   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| MONTGOMERY COSCIA<br>GREILICH LLP | 2500 DALLAS PARKWAY,<br>SUITE 300<br>PLANO, TX 75093 | 2012 |

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| DUNAWAY, GEORGE | 2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 |

None ☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

10

In re:   Restora Healthcare Holdings, LLC                    Case No.    14-10367 (PJW)

---

**20.  Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21.  Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

See attached rider

**22.  Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

11

In re:   Restora Healthcare Holdings, LLC                          Case No.    14-10367 (PJW)

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ☐   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

See attached rider

### 23.   Withdrawals from a partnership or distributions by a corporation

None ☐   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

Please see the Debtors' response to Statement Question 3c.

### 24.   Tax Consolidation Group.

None ☐   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|
| Restora Healthcare Holdings, LLC | 45-5362837 |

### 25.   Pension Funds.

None ☒   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

In re:   Restora Healthcare Holdings, LLC                     Case No.     14-10367 (PJW)

\* \* \* \* \*
\*

SOFA 3b
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**RESTORA HEALTHCARE HOLDINGS, LLC, CASE NO. 14-10367**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 1 | ADP, INC.<br>ONE ADP DRIVE MS-100<br>AUGUSTA, GA 30909 | | | |
| | | | 11/29/2013 | $6,088.21 |
| | | | 12/06/2013 | $18,597.54 |
| | | | 12/27/2013 | $5,217.03 |
| | | | 01/03/2014 | $18,935.71 |
| | | | 01/24/2014 | $5,253.84 |
| | | | 01/27/2014 | $315.00 |
| | | | 01/31/2014 | $19,299.82 |
| | | | SUBTOTAL | $73,707.15 |
| 2 | AMERICAN EXPRESS<br>P.O. BOX 650448<br>DALLAS, TX 15265-0448 | | | |
| | | | 12/12/2013 | $14,031.02 |
| | | | 01/13/2014 | $15,478.85 |
| | | | 01/30/2014 | $11,178.10 |
| | | | SUBTOTAL | $40,687.97 |
| 3 | AVESIS INSURANCE INCORPORATED<br>P.O. BOX 53548<br>PHOENIX, AZ 85072-3548 | | | |
| | | | 12/23/2013 | $33.68 |
| | | | 01/30/2014 | $33.68 |
| | | | SUBTOTAL | $67.36 |
| 4 | BRANDIE ENTERKIN<br>8560 PRINCE WILLIAM COURT<br>MONTGOMERY, TX 77316 | | | |
| | | | 12/12/2013 | $5,040.00 |
| | | | 01/08/2014 | $4,960.00 |
| | | | 01/30/2014 | $5,760.00 |
| | | | SUBTOTAL | $15,760.00 |
| 5 | BRE/COH GA, LLC<br>P.O. BOX 535650<br>ATLANTA, GA 30353-5650 | | | |
| | | | 12/05/2013 | $5,391.39 |
| | | | 01/06/2014 | $5,295.39 |
| | | | 02/04/2014 | $5,295.39 |
| | | | SUBTOTAL | $15,982.17 |
| 6 | CANVAS IT, LLC<br>6120 WINDWARD PARKWAY, SUITE 165<br>ALPHARETTA, GA 30005 | | | |
| | | | 01/08/2014 | $9,410.52 |
| | | | 02/05/2014 | $16,199.52 |
| | | | SUBTOTAL | $25,610.04 |

SOFA 3b
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**RESTORA HEALTHCARE HOLDINGS, LLC, CASE NO. 14-10367**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|------|------------------|----------------------|--------------|-------------------|
| 7 | CBEYOND<br>P.O. BOX 406815<br>ATLANTA, GA 30384-6815 | | | |
| | | | 12/18/2013 | $505.69 |
| | | | 01/10/2014 | $488.51 |
| | | | 02/07/2014 | $488.57 |
| | | | SUBTOTAL | $1,482.77 |
| 8 | CITY OF ALPHARETTA<br>P.O. BOX 349 ALPHARETTA<br>ALPHARETTA, GA 30009-0349 | | | |
| | | | 02/10/2014 | $150.00 |
| | | | SUBTOTAL | $150.00 |
| 9 | COMCAST<br>P.O. BOX 530099<br>ATLANTA, GA 30353-0099 | | | |
| | | | 12/18/2013 | $140.38 |
| | | | 01/10/2014 | $130.55 |
| | | | 02/07/2014 | $130.55 |
| | | | SUBTOTAL | $401.48 |
| 10 | FIRST INSURANCE FUNDING<br>450 SKOKIE BOULEVARD, SUITE 1000<br>P.O. BOX 3306<br>NORTHBROOK, IL 60065-3306 | | | |
| | | | 11/27/2013 | $32,681.42 |
| | | | 12/30/2013 | $32,681.44 |
| | | | 01/30/2014 | $32,681.44 |
| | | | SUBTOTAL | $98,044.30 |
| 11 | HEALTH NET LIFE INSURANCE CO.<br>P.O. BOX 70061<br>LOS ANGELES, CA 90074-0061 | | | |
| | | | 12/23/2013 | $3,001.16 |
| | | | 01/30/2014 | $3,470.10 |
| | | | SUBTOTAL | $6,471.26 |
| 12 | MICROSOFT CORPORATION<br>P.O. BOX 842103<br>DALLAS, TX 75282-2103 | | | |
| | | | 01/17/2014 | $3,398.97 |
| | | | SUBTOTAL | $3,398.97 |
| 13 | MUTUAL OF OMAHA<br>P.O. BOX 2147 OMAHA<br>OMAHA, NE 68103-2147 | | | |
| | | | 12/23/2013 | $277.95 |
| | | | 01/30/2014 | $553.52 |
| | | | SUBTOTAL | $831.47 |

SOFA 3b
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**RESTORA HEALTHCARE HOLDINGS, LLC, CASE NO. 14-10367**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 14 | PATRICIA JONES 254 STARBOARD DRIVE SHELBY SHELBY, AL 35143 | | | |
| | | | 12/05/2013 | $5,387.50 |
| | | | 12/23/2013 | $6,120.08 |
| | | | 01/03/2014 | $4,862.50 |
| | | | 01/08/2014 | $5,812.50 |
| | | | 01/13/2014 | $2,312.50 |
| | | | 01/21/2014 | $2,750.00 |
| | | | 01/28/2014 | $2,375.00 |
| | | | 02/04/2014 | $2,275.00 |
| | | | 02/10/2014 | $2,600.00 |
| | | | 02/18/2014 | $2,487.50 |
| | | | SUBTOTAL | $36,982.58 |
| 15 | SECURECARE DENTAL P.O. BOX 29697 PHOENIX, AZ 85038-9697 | | | |
| | | | 12/23/2013 | $163.32 |
| | | | 01/30/2014 | $163.52 |
| | | | SUBTOTAL | $326.84 |
| 16 | USPS ADDRESS UNDER REVIEW | | | |
| | | | 01/22/2014 | $18.40 |
| | | | SUBTOTAL | $18.40 |
| | | | GRAND TOTAL | $319,922.76 |

In re: Restora Healthcare Holdings, LLC

Case No. 14-10367

## Statement Question 3c - Payments to Insiders Made Within 1 Year Prior to Filing Rider

| Name and Address | Nature of Relationship | Payment Type | Payment Date | Total Payment Amount |
|---|---|---|---|---|
| DUNAWAY, GEORGE<br>2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 | Chief Financial Officer | Salary | 2/24/2013 - 2/24/2014 | $111,915.85 |
| | | Subtotal | | $111,915.85 |
| LAUGHLIN, ROD<br>2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 | Former President and Chief Executive Officer | Expense Reimbursement | 2/24/2013 - 2/24/2014 | $2,878.19 |
| | | Salary | 2/24/2013 - 2/24/2014 | $183,184.96 |
| | | Subtotal | | $186,063.15 |
| RESTORA HOSPITAL OF MESA, LLC<br>215 S. POWER ROAD<br>MESA, AZ 85206 | Subsidiary | Intercompany Payable | 2/28/2013 | $24,555.65 |
| | | Intercompany Payable | 3/27/2013 | $68,878.21 |
| | | Intercompany Payable | 4/4/2013 | $150,000.00 |
| | | Intercompany Payable | 4/25/2013 | $22,165.32 |
| | | Intercompany Payable | 6/28/2013 | $30,468.00 |
| | | Intercompany Payable | 8/21/2013 | $20,280.16 |
| | | Intercompany Payable | 8/28/2013 | $69,625.34 |
| | | Intercompany Payable | 9/3/2013 | $70,000.00 |
| | | Intercompany Payable | 9/11/2013 | $30,000.00 |
| | | Intercompany Payable | 9/17/2013 | $40,506.20 |
| | | Intercompany Payable | 9/30/2013 | $36,654.87 |
| | | Intercompany Payable | 10/9/2013 | $17,340.41 |
| | | Intercompany Payable | 11/1/2013 | $19,445.72 |
| | | Intercompany Payable | 11/6/2013 | $18,472.71 |
| | | Intercompany Payable | 12/5/2013 | $19,077.21 |
| | | Intercompany Payable | 12/23/2013 | $15,341.09 |
| | | Intercompany Payable | 1/8/2014 | $15,000.00 |
| | | Intercompany Payable | 1/14/2014 | $20,000.00 |
| | | Intercompany Payable | 2/4/2014 | $19,991.26 |
| | | Subtotal | | $707,802.15 |
| RESTORA HOSPITAL OF SUN CITY, LLC<br>13818 N. THUNDERBIRD BLVD<br>SUN CITY, AZ 85351 | Subsidiary | Intercompany Payable | 2/28/2013 | $1,760.00 |
| | | Intercompany Payable | 3/5/2013 | $100,000.00 |
| | | Intercompany Payable | 3/14/2013 | $11,815.82 |
| | | Intercompany Payable | 4/11/2013 | $17,513.14 |
| | | Intercompany Payable | 5/3/2013 | $22,165.22 |
| | | Intercompany Payable | 5/9/2013 | $12,471.77 |
| | | Intercompany Payable | 5/15/2013 | $100,000.00 |
| | | Intercompany Payable | 6/6/2013 | $150,000.00 |
| | | Intercompany Payable | 6/18/2013 | $12,636.33 |
| | | Intercompany Payable | 7/3/2013 | $36,185.46 |
| | | Intercompany Payable | 7/10/2013 | $75,000.00 |
| | | Intercompany Payable | 7/17/2013 | $39,625.34 |
| | | Intercompany Payable | 7/25/2013 | $60,000.00 |
| | | Intercompany Payable | 7/31/2013 | $20,000.00 |
| | | Intercompany Payable | 8/2/2013 | $25,000.00 |
| | | Intercompany Payable | 8/6/2013 | $10,000.00 |
| | | Intercompany Payable | 8/14/2013 | $35,000.00 |
| | | Intercompany Payable | 9/26/2013 | $81,751.13 |
| | | Intercompany Payable | 10/3/2013 | $30,360.57 |
| | | Intercompany Payable | 10/21/2013 | $25,000.00 |
| | | Intercompany Payable | 10/23/2013 | $35,000.00 |
| | | Intercompany Payable | 10/29/2013 | $10,000.00 |
| | | Intercompany Payable | 10/31/2013 | $40,000.00 |
| | | Intercompany Payable | 11/6/2013 | $15,924.20 |
| | | Intercompany Payable | 11/21/2013 | $75,000.00 |
| | | Intercompany Payable | 11/25/2013 | $100,000.00 |
| | | Intercompany Payable | 12/5/2013 | $20,875.28 |
| | | Intercompany Payable | 12/9/2013 | $50,000.00 |
| | | Intercompany Payable | 12/12/2013 | $20,000.00 |

In re: Restora Healthcare Holdings, LLC

Case No. 14-10367

### Statement Question 3c - Payments to Insiders Made Within 1 Year Prior to Filing Rider

| Name and Address | Nature of Relationship | Payment Type | Payment Date | Total Payment Amount |
|---|---|---|---|---|
| RESTORA HOSPITAL OF SUN CITY, LLC<br>13818 N. THUNDERBIRD BLVD<br>SUN CITY, AZ 85351 | Subsidiary | Intercompany Payable | 12/23/2013 | $13,911.09 |
| | | Intercompany Payable | 12/27/2013 | $45,000.00 |
| | | Intercompany Payable | 1/2/2014 | $35,000.00 |
| | | Intercompany Payable | 1/3/2014 | $20,000.00 |
| | | Intercompany Payable | 1/7/2014 | $60,000.00 |
| | | Intercompany Payable | 1/14/2014 | $110,000.00 |
| | | Intercompany Payable | 1/16/2014 | $11,566.40 |
| | | Intercompany Payable | 1/29/2014 | $52,000.00 |
| | | Intercompany Payable | 1/30/2014 | $15,000.00 |
| | | Intercompany Payable | 1/31/2014 | $45,000.00 |
| | | Intercompany Payable | 2/13/2014 | $40,000.00 |
| | | | Subtotal | $1,680,561.75 |
| SASSMAN, GREG<br>2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 | Former Senior Vice President of Business Development and Secretary | Expense Reimbursement | 2/24/2013 - 2/24/2014 | $85,000.85 |
| | | Salary | 2/24/2013 - 2/24/2014 | $94,140.25 |
| | | | Subtotal | $179,141.10 |
| WATKINS, JOHN<br>2550 NORTHWINDS PKWY, SUITE 160<br>ALPHARETTA, GA 30009 | Former Vice President of Operations | Salary | 2/24/2013 - 2/24/2014 | $20,372.70 |
| | | | Subtotal | $20,372.70 |
| | | | | |

|  | Total | $2,885,856.70 |
|---|---|---|

In re: Restora Healthcare Holdings, LLC                                                          Case No. 14-10367

**Statement Question 4a - Suits and Administrative Proceedings Rider**

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Acute Nursing Solutions, LLC etc., Pltf. Vs. Restora Healthcare Holdings, LLC, etc., et al, including Restora Hospital of Mesa, LLC, Dfts. Case No. CV2014090244 | Unpaid invoices | Maricopa County - East Mesa - Justice Court, AZ | Pending |
| Advantage On Call, LLC vs. Restora Healthcare Company, LLC, et al. Case No. CV 2013 10 2824 | Unpaid invoices | Common Pleas Court of Butler County, Ohio | Pending |
| PC Healthcare Enterprises, Inc., etc., Pltf. Vs. Restora Healthcare Holdings, LLC, etc., and Restora Hospital of Mesa, LLC, etc., Dfts. Case No. CC2013214878R | Unpaid invoices | Maricopa County - East Mesa - Justice Court, AZ | Judgment of $22,411.40 garnished on 2/24/14 |

In re: Restora Healthcare Holdings, LLC

Case No. 14-10367

### Statement Question 9 - Payments Related to Debt Counseling and Bankruptcy
### Rider

| Name and Address of Payee | Date of Payment, Name of Payer if Other than Debtor | | Amount of Money or Description and Value of Property |
|---|---|---|---|
| ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC 100 PINE ST, SUITE 900 SAN FRANCISCO, CA 94111 | 11/25/2013 | | $50,000.00 |
| | 12/9/2013 | | $45,960.25 |
| | 1/7/2014 | | $53,986.00 |
| | 2/24/2014 | | $103,695.00 |
| | 2/24/2014 | | $151,761.00 |
| | | Total: | $405,402.25 |
| DLA PIPER LLP (US) 1251 AVENUE OF THE AMERICAS, 27TH FL NEW YORK, NY 10020 | 1/15/2014 | | $82,854.00 |
| | 2/20/2014 | | $218,476.14 |
| | 2/24/2014 | | $75,000.00 |
| | 2/24/2014 | | $192,764.58 |
| | | Total: | $569,094.72 |
| RUST CONSULTING OMNI BANKRUPTCY 5955 DESOTO AVE, SUITE 100 WOODLAND HILLS, CA 91367 | 1/3/2014 | | $10,000.00 |
| | | Total: | $10,000.00 |
| | | | |

**In re: Restora Healthcare Holdings, LLC**                    **Case No. 14-10367 (PJW)**

### SOFA 21b - Current Partners, Officers, Directors and Shareholders (Corporations)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| DUNAWAY, GEORGE<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | Chief Financial Officer | |
| HCCG, LLC<br>5910 N. CENTRAL EXPRESSWAY<br>SUITE 1000<br>DALLAS, TX 75206 | Shareholder | 81.63% |
| LAUGHLIN, ROD<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | Shareholder | 9.99% |
| SASSMAN, GREG<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | Shareholder | 5.74% |

**In re: Restora Healthcare Holdings, LLC**                    **Case No. 14-10367 (PJW)**

### SOFA 22b - Former Partners, Officers, Directors and Shareholders (Corporations)

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| LAUGHLIN, ROD<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | President and Chief Executive Officer | 02/24/2014 |
| SASSMAN, GREG<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | Senior Vice President of Business Development and Secretary | 02/24/2014 |
| WATKINS, JOHN<br>2550 NORTHWINDS PARKWAY<br>SUITE 160<br>ALPHARETTA, GA 30009 | Vice President of Operations | 05/14/2013 |

In Re : Restora Healthcare Holdings, LLC                                    Case No. 14-10367 (PJW)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature
                                         of Debtor _____


Date _____    Signature of
                                         Joint Debtor
                                         (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___3/25/2014_____    Signature _____

                                    Print Name  George W. Dunaway
                                    And Title __Chief Financial Officer_____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social-Security No. (Required by 11 U.S.C. § 110 )

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____      _____
Signature of Bankruptcy Petition Preparer      Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*